131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: XYZ BELL CORPORATION, Debtor.
GLENDALE FEDERAL BANK, Appellee,
v.
XYZ BELL CORPORATION, Appellant.
 No. 96-56490.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 3, 1997.
Decided Nov. 18, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Jones, Ollason, and Meyers, Judges, Presiding.
 Before: GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the Bankruptcy Appellate Panel's decision. The bankruptcy court shall correct the clerical error in the order granting Glendale Federal Bank (Glendale) relief from stay. Federal Rule of Civil Procedure 60(a)[1] allows courts to correct "[c]lerical mistakes in judgments, orders, or other parts of the record ... arising from oversight or omission." XYZ Bell Corporation (XYZ) presents no argument precluding application of Rule 60. Cf. In re Bestway Products, Inc., 151 B.R. 530, 534 (Bankr.E.D.Cal.1993) ("The one limitation on correcting an error under Rule 60(a) is that reliance on the erroneous judgment can lead to changes in position that are so substantial as to make it inequitable to grant relief."). XYZ did not rely on the erroneous order. Mere speculation regarding the possible reliance of third parties does not preclude application. Thus, the bankruptcy panel's decision was correct.
 
 
 3
 Because we firmly believe XYZ has used the bankruptcy law and the appellate process to harass Glendale, cause unnecessary delay, and increase the cost of this litigation, we impose the following sanction on XYZ pursuant to Federal Rule of Bankruptcy Procedure 9011(a).[2] We order XYZ to pay Glendale's attorneys' fees for this appeal. The exact amount will be determined by the Ninth Circuit Appellate Commissioner, to whom we now refer this matter.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation. applicable in bankruptcy cases
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Federal Rule of Bankruptcy Procedure 9024 makes this rule applicable in bankruptcy cases
 
 
 [2]
 Howard Kabakow's September 9, 1993 partial transfer of the property by quitclaim deed back to XYZ, of which he was the president and sole owner, stands out as an attempt to use the law as a shell game. Such manipulations do not sit well in a court of equity and unmask XYZ's and Kabakow's true intentions